[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

No. 07-15787
Non-Argument Calendar

_____

D. C. Docket No. 07-00201-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE DELAUGHTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 3, 2008)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ronnie Delaughter appeals his conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C), and his guideline-range sentence of 37 months' incarceration. On appeal, Delaughter argues that the district court abused its discretion when it denied his motions for mistrial based on statements made by a government witness and that the district court imposed an unreasonable sentence in light of his drug addiction and its impact on his criminal history.

I.

We review denial of a motion for mistrial for abuse of discretion. *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005) (per curiam). "A defendant is entitled to a fair trial but not a perfect one." *Id*. (internal quotation mark omitted). We have stated that: "Evidentiary . . . errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights." *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990). Although individually errors may not warrant reversal, their cumulative effect can so prejudice a defendant to require a new trial. *Ramirez*, 426 F.3d at 1353. However, a defendant's substantial rights are not affected by error if properly admitted evidence sufficiently establishes guilt. *Id.* at 1353-54.

Rule 403 provides in relevant part: "[a]lthough relevant, evidence may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. Rule 404(b) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Fed.R.Evid. 404(b). However, prejudice from improperly admitted evidence may be mitigated by a limiting instruction to the jury. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

In *United States v. Beasley*, 2 F.3d 1551 (11th Cir. 1993), we concluded that a defendant was not prejudiced by a witness's cross-examination response that he had the defendant in prison where the district court gave a curative instruction and the response added nothing to the government's case. *Id*. at 1559.

To obtain a conviction for distribution in violation of 21 U.S.C. § 841, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally distributed a controlled substance. 21 U.S.C. § 841(a)(1). Section 841 identifies substances containing a detectable amount of cocaine as a controlled substance. *Id.* § 841(b)(1)(A).

In this case, Delaughter challenges his conviction due to the testimony of a government witness who stated that he knew Delaughter from school and

3

numerous citizen contacts while a patrol officer and that he had possibly arrested Delaughter once prior to this case. However, testimony by another witness, to which Dalaughter did not object, established Delaughter's guilt by identifying him as the seller of the drugs. In addition, the district court's curative instruction sufficiently remedied any prejudice Delaughter might have incurred. Because Delaughter's substantial rights were not affected by the challenged testimony, we discern no error.

## II.

We review the final sentence imposed by the district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007) (per curiam). Recently, the Supreme Court clarified that the reasonableness standard means review of sentences for abuse of discretion. *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. *Gall*, 552 U.S. at __, 128 S. Ct. at 597. The Supreme Court has explained that a sentence would be procedurally unreasonable if the district court improperly calculated the guideline imprisonment range, treated the Guidelines as mandatory, failed to consider the appropriate statutory factors, based the sentence on clearly erroneous facts, or failed to adequately explain its

reasoning. *Id.* If the district court made no procedural errors, then we review the substantive reasonableness of the sentence imposed to determine whether the sentence is supported by the 18 U.S.C. § 3553(a) factors. *Id.* at __, 128 S. Ct. at 600. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

There is a "range of reasonable sentences from which the district court may choose." *Id.* at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.* The weight given to particular sentencing factors is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We have held that a district court is not required to state that it has explicitly considered each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329

(11th Cir. 2005). In addition, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

In this case, the district court properly calculated the Guidelines based on the undisputed PSI, considered the Guidelines as advisory, and considered the factors of 18 U.S.C. § 3553(a). Given the facts and circumstances of the case, the district court determined that a median, guideline range sentence was appropriate. On appeal, we cannot say the district court improperly weighed the required statutory factors, nor can we find any other circumstances which suggest that Delaughter's 37-month sentence is unreasonable. Accordingly, we affirm.

**AFFIRMED**.